FILED
JUL - 6 2010
BARBARA DUNN CIRCUIT CLERK
BY _____ J.C.

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

PAMELA BENNETT                                              PLAINTIFFS
ADA MANGUM

VS.                                    CIVIL ACTION NO. 251/10-552CIV

T.A. OPERATING, LLC d/b/a
PETRO #28                                                   DEFENDANT

## COMPLAINT

COMES NOW Plaintiffs Pamela Bennett and Ada Mangum, by and through their attorneys, and files this their Complaint against the named Defendant, and in support thereof, would show as follows:

### PARTIES

1. Plaintiff, Pamela Bennett, is an adult resident of Jackson, Hinds County, Mississippi who resides at 1224 Macon Street, Jackson, Mississippi.

2. Plaintiff, Ada Mangum, is an adult resident citizen of Jackson, Hinds County, Mississippi who resides at 510 Rich Drive, Jackson, Mississippi.

3. Defendant, T.A. Operating, LLC d/b/a Petro #28, hereinafter referred to as "TAO", is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process of this Court through its registered agent for service of process, Corporation Service Company, 506 S. President Street, Jackson, Mississippi 39201.

### JURISDICTION AND VENUE

4. Jurisdiction and Venue are proper with this Court.

5.  Plaintiff Bennett timely filed her EEOC Charge of Discrimination on July 16, 2009, a true and correct copy of which is attached as Exhibit "A". Plaintiff's Right to Sue Notice was issued on June 18, 2010, a true and correct copy of which is attached as Exhibit "B". Plaintiff Bennett timely files this cause of action within ninety (90) days of receipt of her Notice of Right to Sue.

6.  Plaintiff Mangum timely filed her EEOC Charge of Discrimination on July 16, 2009, a true and correct copy of which is attached as Exhibit "C". Plaintiff's Right to Sue Notice was issued on June 18, 2010, a true and correct copy of which is attached as Exhibit "D". Plaintiff Bennett timely files this cause of action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF FACTS

7.  On or about June 17, 2006, Plaintiff Bennett began employment with Defendant TAO as a Maintenance Worker in Jackson, Mississippi.

8.  On or about 1999, Plaintiff Mangum began employment with Defendant TAO as a Housekeeping Employee in Jackson, Mississippi.

9.  At all times relevant, Plaintiff Bennett worked for Defendant TAO and performed her job duties in a highly professional and competent manner.

10.  At all times relevant, Plaintiff Mangum worked for Defendant TAO and performed her job duties in a highly professional and competent manner.

11.  On or about July 1, 2009, Plaintiff Bennett was informed by David Carter, General Manager, that there was going to be layoff and some employees would be kept based upon seniority. Subsequently, TAO terminated Plaintiff Bennett.

12.  When Defendant TAO terminated Ms. Bennett, TAO retained employees with less experience than Ms. Bennett, including, the only white, male maintenance worker. TAO

offered the only white, male maintenance worker another position at the same rate of pay. TAO did not offer another position to Ms. Bennett.

13. When Defendant TAO terminated Ms. Mangum, TAO retained the only white, male housekeeper with less experience. Despite Ms. Mangum having the most seniority of the housekeeping employees, TAO did not offer another position to Ms. Mangum.

14. Defendant TAO terminated all the female employees, including Plaintiffs, who were doing the same jobs and duties. However, TAO retained the male employees who were doing the same jobs and duties.

## COUNT I

## RACE DISCRIMINATION

## VIOLATIONS OF TITLE VII AND THE CIVIL RIGHTS ACT OF 1866

15. Plaintiffs adopt and incorporate paragraphs 1-14 above.

16. Plaintiffs were unlawfully discriminated because of their race in violation of Title VII.

## COUNT II

## GENDER/SEX DISCRIMINATION

## VIOLATIONS OF TITLE VII AND THE CIVIL RIGHTS ACT OF 1866

17. Plaintiffs adopt and incorporate paragraphs 1-16 above.

18. Plaintiffs were unlawfully discriminated against because of their gender/sex in violation of Title VII.

## COUNT III

## BREACH OF CONTRACT

19. Plaintiffs adopt and incorporate paragraphs 1-18 above.

20. Defendant TAO unlawfully terminated Plaintiffs from their positions without just cause and without due process. TAO's actions constitute a breach of contract.

## COUNT IV

### TORTIOUS BREACH OF CONTRACT

21. Plaintiffs adopt and incorporate paragraphs 1-20 above.

22. Defendant TAO unlawfully terminated Plaintiffs from the positions without just cause and without due process. TAO's actions constitute a breach of contract.

23. Plaintiffs are entitled to damages because Defendant's unlawful acts against them were committed maliciously and/or in reckless disregard to Plaintiffs' rights.

## COUNT V

### BREACH OF IMPLIED COVENANT AND GOOD FAITH

24. Plaintiffs adopt and incorporate paragraph 1-23 above.

25. In every contract there is an implied covenant or duty of good faith and fair dealing. The Defendant breached that duty of good faith with the Plaintiffs when it terminated them from TAO. Defendant did not act in good faith and its actions were so egregious as to constitute intentional and willful conduct or gross negligence or reckless disregard for Plaintiffs' rights.

## COUNT VI

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiffs adopt and incorporate paragraphs 1-25 above.

27. The effect of these actions on Plaintiffs was reasonably foreseeable and done with the purpose of causing harm to the Plaintiffs causing foreseeable mental anguish, emotional distress, and humiliation.

28. The Plaintiffs have suffered both emotional and physical injury as a result of the Defendant's outrageous actions.

## COUNT VII

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiffs adopt and incorporate paragraphs 1-28 above.

30. The effect of these actions on Plaintiffs was reasonably foreseeable or done in careless disregard to the rights of Plaintiffs causing foreseeable mental anguish, emotional distress, and humiliation.

31. The Plaintiffs have suffered both emotional and physical injury as a result of the Defendant's outrageous actions.

## COUNT VIII

## VIOLATIONS OF MISSISSIPPI PUBLIC POLICY

32. Plaintiffs adopt and incorporate paragraphs 1-31 above.

33. Plaintiffs bring this cause of action pursuant to Mississippi law, public policy, *McArn v. Allied Bruce-Terminix Co., Ltd.*, 626 So.2d 603 (Miss. 1993) and its progeny.

## COUNT IX

## DAMAGES

34. As a result of the acts of omission and commission of the Defendant as set forth above, Plaintiffs have suffered the following injuries and damages:

   a. Permanent mental, emotional and psychological damage which has manifested itself in loss of self esteem, humiliation and permanent impairment of her earning capacity;

   b. Past and future doctor, drug and medical bills;

   c. Lost wages;

   d. Past, present and future pain and suffering and difficulty sleeping;

   e. Past, present and future diminished earning capacity and capacity to enjoy life.

## COUNT X

## PUNITIVE DAMAGES

35. Plaintiffs adopt and incorporate paragraphs 1-34 above.

36. Plaintiffs are entitled to punitive damages against Defendant as a result of Defendant's intentional acts and as a result of its extreme and outrageous conduct.

## RELIEF DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests a trial and thereafter that this Court:

A. Award Plaintiffs compensatory damages in an amount which will afford reasonable compensation for the damages sustained by the plaintiff in the amount to be determined by a jury;

B. Award Plaintiffs back pay, future wages, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

C. Award Plaintiffs exemplary or punitive damages against the defendant in an amount sufficient to punish defendant for its egregious conduct and to deter it and others similarly situated from engaging in such conduct in the future;

D. Reasonable attorneys' fees, expenses, costs, disbursements, pre-judgment interest, post-judgment interest;

E. Any such other declaratory or injunctive relief the Court deems appropriate whether in law or equity.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues raised in the foregoing Complaint.

This, the 6th day of July, 2010.

Respectfully submitted,

PAMELA BENNETT and
ADA MANGUM

BY THEIR ATTORNEY
THE HIGH LAW FIRM, PLLC

By: _*Terence L High*_
TERENCE L. HIGH

OF COUNSEL:

Terence L. High (MS Bar No. 99843)
THE HIGH LAW FIRM, PLLC
774 Avery Blvd. North, Ste B
Ridgeland, MS 39157
P.O. Box 12054
Jackson, MS 39236
Telephone: 601.991.2218
Facsimile: 601.607.5056
Email: thigh4@yahoo.com